IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

ALVARO RODRIGUEZ                                                                                    PLAINTIFF

      v.                              Civil No. 13-5249

MICHAEL HENDRIX, Detective,
Springdale Police Department                                                                   DEFENDANT

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

      This is a civil rights case filed by the Plaintiff under 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis*.

      The case is before the court for preservice screening under the provisions of the Prison Litigation Reform Act. Pursuant to 28 U.S.C. § 1915A, the court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

### Discussion

      According to the allegations of the complaint, Defendant, Detective Michael Hendrix, misused his authority to build a case against the Plaintiff. Plaintiff seeks to recover damages from the Defendant including all costs associated with bringing this case.

      Plaintiff's claim that he was wrongfully charged with a criminal offense is subject to dismissal. In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court held that a claim for damages for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's

issuance of a writ of habeas corpus." Heck, 512 U.S. 486-87.

The rationale of Heck has been applied to § 1983 complaints filed while the criminal charges are pending. See e.g., Smith v. Holtz, 87 F.3d 108, 113 (3d Cir. 1996). In Smith, the Third Circuit stated:

> We find that [the *Heck*] concerns apply equally to claims that, if successful, would necessarily imply the invalidity of a future conviction on a pending criminal charge. A claim by a defendant in an ongoing criminal prosecution which necessarily challenges the legality of a future conviction on a pending criminal charge lies at the intersection of the federal habeas corpus statute and the Civil Rights Act of 1871. If such a claim could proceed while criminal proceedings are ongoing, there would be a potential for inconsistent determinations in the civil and criminal cases and the criminal defendant would be able to collaterally attack the prosecution in a civil suit. In terms of the conflicts which *Heck* sought to avoid, there is no difference between a conviction which is *outstanding* at the time the civil rights action is instituted and a *potential* conviction on a pending charge that may be entered at some point thereafter.

Smith, 87 F.3d at 113. Accordingly, Plaintiff's claims are barred by Heck.

### Conclusion

For the reasons stated, I recommend that the case be dismissed without prejudice prior to service of process as the claims asserted are not presently cognizable under 42 U.S.C. § 1983.

**The Plaintiff has fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 21st day of February 2014.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE